UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    JASON ROE,                                               Case No. 16-20294-dob
         Debtor.                                        Chapter 13 Proceeding
                                                            Hon. Daniel S. Opperman
_____/
THOMAS MCDONALD,
         Plaintiff,

v.                                                          Adversary Proceeding
                                                            Case No. 16-2038-dob

WILDFIRE CREDIT UNION,
         Defendant.
_____/

## OPINION REGARDING TRUSTEE'S MOTION TO DISQUALIFY COUNSEL

Mr. Karl Wenzloff[1] signed a proof of claim of the Defendant, Wildfire Credit Union, and filed it with the Court. The Plaintiff objects to this claim, challenging the nature and extent of the secured claim. Because Mr. Wenzloff signed the claim, the Plaintiff wants to depose him regarding his knowledge of the claim. Since Mr. Wenzloff may be a witness, the Plaintiff seeks to disqualify him and his law firm as counsel in this case. The Plaintiff first raised his concern at a pretrial hearing of this matter and by agreement of the parties briefs were filed. The Court heard oral argument on August 11, 2016, and took this matter under advisement. After consideration of the pleadings and arguments, the Court renders this Opinion.

---

[1] Karl Wenzloff practices law with his father, Paul Wenzloff. For purposes of this Opinion, Mr. Wenzloff refers to Karl Wenzloff.

1

Findings of Fact

This case is an adversary proceeding dealing with one issue—whether a vehicle secures a debt owed to the Defendant. Jason Roe is the Debtor in the underlying bankruptcy, a Chapter 13 case he filed in February 2016. The Debtor included in his bankruptcy several loans he obtained from the Defendant. These loans arise from the Debtor entering into a "Loanliner" contract with the Defendant. The Loanliner is an open-ended loan agreement that allows a borrower to obtain credit advances without filling out a new loan application each time. In this case, the Debtor signed his original Loanliner agreement and subsequently received numerous advances or disbursements.

There is a dispute as to whether these advances are secured. The Defendant claims all monies it disbursed under the Loanliner agreement are secured by a 2002 Chevrolet Tahoe that the Debtor owns. The Plaintiff concedes that the Tahoe secures at least some of the loans, but questions the alleged security of other disbursements because the Debtor did not sign for all of them. According to the Plaintiff, only those disbursements for which the Debtor signed are secured.

In his capacity as the Defendant's counsel, and at the Defendant's request, Mr. Wenzloff reviewed the Loanliner agreement, its accompanying documents, and the vehicle title for the Tahoe. After reviewing these documents, Mr. Wenzloff determined the Debtor's obligations to the Defendant were secured. Mr. Wenzloff prepared and then signed a proof of claim on behalf of Wildfire Credit Union reflecting that position.

Position of Parties

According to the Plaintiff, by preparing and signing the proof of claim Mr. Wenzloff made himself a necessary witness in this matter and can no longer act as an advocate. Mr. Wenzloff claims his only knowledge regarding the facts of this matter is what the Defendant provided to him.

2

Thus, Mr. Wenzloff argues he is not a necessary witness because the only factual information to which he can testify is available via other witnesses.

### Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) (regarding determination of validity and extent of liens). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

### Law

The party seeking to disqualify an attorney bears the burden of showing the attorney is a necessary witness. *Saari v. Susser (In re Estate of Susser)*, 254 Mich. App. 232, 237-38, 657 N.W.2d 147 (2002). Disqualification is a "drastic measure" that should be taken only when absolutely necessary. *Schenberg v. Leventhal (In re Leventhal),* No. 11-A1467, 2012 WL 1067568, at *2 (Bankr. N.D. Ill. Mar. 22, 2012). Courts must view disqualification with extreme caution as it can be used as a tool to harass opposing counsel. *Eon Streams, Inc. v. Clear Channel Communications, Inc.*, 2007 WL 954181, No. 3:05-CV-578, at *2 (E.D. Tenn. Mar. 27, 2007). An attorney or party cannot create the circumstances that justify disqualification by choosing to seek information from an opposing attorney rather than from other competent witnesses. *See Smith v. Arc-Mation, Inc.*, 402 Mich. 115, 118-19, 261 N.W.2d 713 (1978).

A proof of claim in a bankruptcy case constitutes prima facie evidence of the facts contained therein. *Schmidt v. Rodriguez (In re Rodriguez)*, No. 11-07012, 2013 WL 2450925, at *3 (Bankr. S.D. Tex. June 5, 2013). By signing a proof of claim, a person makes factual assertions of personal knowledge. *Id*. Accordingly, when an attorney signs a proof of claim, he makes himself a fact

witness and exposes himself to questioning regarding the facts contained in the proof. *Id*. *See also Computer Network Corp. v. Spohler*, 95 F.R.D. 500, 502 (D. D.C. 1982). But an attorney signing a proof of claim <u>does not</u> subject himself to questioning about "legal opinions, legal research and thought" regarding the legal basis for the proof of claim. *Rodriguez,* 2013 WL 2450925, at *6.

Also, not every fact witness is a "necessary witness" under Michigan law. This is significant because pursuant to Michigan Rule of Professional Conduct 3.7(a), a lawyer cannot advocate at a trial in which the lawyer is likely to be a "necessary witness."[2] Thus, disqualification is appropriate only when the attorney's testimony is necessary. *Susser*, 254 Mich. App. at 238. A "necessary witness" is one with unique, personal knowledge. *Eon Streams,* 2007 WL 954181, at *2. An attorney is a not a "necessary" witness for purpose of the Rule 3.7(a) if his testimony is cumulative or other witnesses could corroborate that testimony. *Duke Inv. Ltd. v. Amegy Bank (In re Duke Inv., Ltd.)*, 454 B.R. 414, 422-23 (Bankr. S.D. Tex. 2011); *Susser*, 254 Mich. App. at 238.

Analysis

The drastic measure of disqualification is not warranted in this case at this time. While initially the signing of a proof of claim opens the door to motions and requests to disqualify counsel because counsel may be a fact witness, that act alone is not sufficient to justify disqualification at this early stage of this case.

Disqualification is only proper when the attorney at issue is a necessary witness, and it is not apparent that Mr. Wenzloff is a necessary witness in this case. Mr. Wenzloff has represented to the Court that he has limited factual knowledge regarding the Loanliner agreement. He reviewed

---

[2] There are limited exceptions, one of which could apply if the Court thought Mr. Wenzloff was a necessary witness: An attorney who is a "necessary" witness can continue as advocate if his disqualification would "work substantial hardship on the client." If the Court decides Mr. Wenzloff is a necessary witness, it will need to inquire as to the hardship that will work on the Defendant.

4

documents that other parties negotiated and executed, and reviewed the title to the subject vehicle. Thus, according to Mr. Wenzloff his factual knowledge consists of what is contained in a few documents that speak for themselves.

Mr. Wenzloff does not appear to have any unique, personal knowledge about the factual background of the documents he reviewed. He does not appear to have any unique, personal knowledge regarding the facts supporting the proof of claim he signed. And he does not appear to have any unique, personal knowledge of the Debtor's interactions with the Defendant regarding the debt at issue. Mr. Wenzloff's only unique, personal knowledge regarding the proof of claim is the legal reasoning he applied when preparing the proof of claim. The Plaintiff is not entitled to question Mr. Wenzloff about that. *See Rodriguez,* 2013 WL 2450925, at \*6.

Additionally, the Plaintiff likely can obtain the factual information it needs from sources other than Mr. Wenzloff. One of the Defendant's executives is probably a better source of information about the Defendant's loan practices. A loan officer of the Defendant is likely a better source of information regarding the negotiation and execution of the subject documents. If additional discovery proves otherwise, the Plaintiff can revisit this matter. But the Plaintiff cannot chose to start his inquiry with the Defendant's attorney so as to disqualify that attorney from further involvement.

The Plaintiff cites a couple cases that are distinct from this one. The Plaintiff relies heavily on *Rodriguez*, an unpublished Texas case. Initially, *Rodriguez* does not involve attorney disqualification and does not discuss that issue. *Rodriguez* does have a helpful discussion about the impact signing a proof of claim has on attorney-client privilege and work product protections. But it only opens the door regarding the <u>facts</u> an attorney knows. It does not require an attorney to answer questions about his legal reasoning, which is the only unique information Mr. Wenzloff has

5

to offer here. *See Rodriguez,* 2013 WL 2450925, at *6.

Another case the Plaintiff discusses in detail is *People v. Tesen*, 276 Mich. App. 134, 739 N.W.2d 689 (2007), which also is factually distinct from this matter. In *Tesen*, the prosecutor who led a child abuse investigation was a "necessary witness" regarding his interview of the child abuse victim. He had to testify even though others witnessed the interview and could have testified regarding the facts elicited at the interview. The prosecutor's testimony was necessary because his qualifications, training, and experience were relevant to the court's analysis in that case. *Tesen*, 276 Mich. App. at 144. That information was necessary to assess the weight and credibility of the victim's account. *Id*.

There are substantial differences between *Tesen* and this case. In *Tesen*, the prosecutor's background and expertise were relevant to the court's determination. The prosecutor's opinion was vital to an objective assessment of the situation. While acknowledging and respecting the knowledge, experience, and skill in these matters as to counsel for both parties, Mr. Wenzloff's qualifications, training, and experience have no bearing on the Court's analysis regarding the Loanliner debt. Rather, the only relevant legal opinion regarding the nature of the Loanliner debt is that of a court.

In *Tesen,* the prosecutor's conclusions carried weight because they impacted the Court's view of the victim's factual account. That is not the case here. The fact that Mr. Wenzloff prepared and signed the proof of claim does not make the information contained in the proof more or less likely to be true. It also has no impact on the credibility of other witnesses who might testify regarding the facts contained in the proof. Moreover, the same legal analysis is necessary to determine whether the subject debt is secured regardless of who signed the proof of claim.

Also, the Court finds no conflict between Mr. Wenzloff and his client. Both take the position

6

that the subject debt is secure, and Mr. Wenzloff is motivated to advocate that position zealously. While the Defendant and Mr. Wenzloff may not be legally correct, their argument is not unreasonable. Indeed, the Debtor himself has taken the same position in his bankruptcy case. Thus, the Court sees no potential, at this time, for Mr. Wenzloff to find himself at odds with his client regarding the debt at issue.

As noted at the beginning of the analysis, the signing of a proof of claim by counsel allows the possibility of counsel later addressing motions such as the instant motion. Had an employee or officer of the Defendant signed the proof of claim, the Plaintiff would have a difficult, if not impossible, task to try to depose counsel. Here, counsel is not disqualified, but still faces the prospect of this issue arising again. If nothing more, this Opinion is a cautionary case for those who choose to sign proofs of claim for their client.

For the time being, the Plaintiff's request to disqualify Mr. Wenzloff and his firm is denied without prejudice. Defendant's counsel is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Not for Publication**

```
Signed on August 25, 2016
                                        /s/ Daniel S. Opperman
                                   Daniel S. Opperman
                                   United States Bankruptcy Judge
```